UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

CAROLINE NARDINO,                              }
ON BEHALF OF HERSELF AND                       }
ALL OTHERS SIMILIARLY SITUATED,                }
                                               }
                        Plaintiff,             }   Civil Action, File No.
              v                                }   2:17-cv-03772-ADS-AKT
                                               }
CREDIT CONTROL, LLC,                           }
                                               }
                        Defendant.             }

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Caroline Nardino [hereinafter "Nardino"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Credit Control, LLC ("Credit Control"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Credit Control's regular transaction of business within this district. Venue in this district also is proper based on Credit Control possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Credit Control also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Nardino is a natural person who resides at 58 Misty Pond Circle, Apt. 3, Moriches, NY 11955.

6. Nardino is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 3, 2016, Credit Control sent Nardino the letter annexed as Exhibit A. Nardino received and read Exhibit A. For the reasons set forth below, Nardino's receipt and reading of Exhibit A deprived Nardino of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Credit Control sent Exhibit A to Nardino in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Capital One, N.A. with the brand name of Kohl's Department Stores Inc. (hereinafter "Kohl's") for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A credit card account with the brand name of Kohl's is an account issued only to consumers for use solely at Kohl's; and Kohl's sells goods used primarily by consumers primarily for personal, family or household purposes. Credit Control, via Exhibit A, attempted to collect this past due debt from Nardino in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Credit Control is a Missouri Domestic Limited Liability Corporation and a New York

Foreign Limited Liability Corporation with a principal place of business of 4522 Woodland Drive, Lake St. Louis, MO 63367.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Credit Control possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon Credit Control possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Credit Control is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, Credit Control sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above two paragraphs, Credit Control is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

### FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Balance Due" or "Amount Owed" of $607.25.

17. Any "Balance Due" or "Amount Owed" resulted from an agreement between Nardino and

Capital One, N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

18. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue on any "Balance Due" or "Amount Owed" due but unpaid to Capital One, N.A.

19. Upon information and belief, pursuant to the aforementioned agreement, Capital One, N.A. and any assignee or successor-in-interest had a legal right at any time to collect from Nardino the aforementioned interest, late charges, and/or other charges which had continued to accrue on any "Balance Due" or "Amount Owed" due but unpaid to Capital One, N.A. and any assignee or successor-in-interest.

20. The aforementioned right to collect from Nardino the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due" or "Amount Owed" is not waived by Capital One, N.A. or any assignee or successor-in-interest as a result of a failure by either Capital One, N.A. and any assignee or successor-in-interest at any point in time to attempt to collect from Nardino the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due" or "Amount Owed".

21. Exhibit A failed to notify Nardino that her "Balance Due" or "Amount Owed" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

22. Although Exhibit A sets forth a settlement offer, Exhibit A failed to clearly state that Credit Control will accept payment of the amount of the settlement offer in full satisfaction of the debt if payment is made by a specified date.

23. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Nardino that if she did not pay the amount of the settlement offer then the "Balance Due" or "Amount

Owed" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

24. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Nardino.

### SECOND CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

20. Exhibit A sets forth a "Balance Due" or "Amount Owed" of $607.25.

21. Exhibit A does not set forth that the "Balance Due" or "Amount Owed" of $607.25 may increase due to interest, late charges, and/or other charges.

22. Since Exhibit A does not set forth that the "Balance Due" or "Amount Owed" of $607.25 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Balance Due" or "Amount Owed" of $607.25 was static and that their payment of $607.25 would satisfy the debt irrespective of when the payment was remitted.

23. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

24. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y.

App. Div., 2010) and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

25. Nardino owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

26. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

27. As regards the past due debt set forth in Exhibit A, Capital One, N.A. had a guaranteed right to interest on the "Balance Due" or "Amount Owed" of $607.25 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

28. Based on the above, the "Balance Due" or "Amount Owed" of $607.25 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the "Balance Due" or "Amount Owed" of $607.25 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

29. Based on the above, Capital One, N.A. could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Balance Due" or "Amount Owed" of $607.25 set forth in Exhibit A was paid.

30. In the alternative, Capital One, N.A. could have sold Nardino's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Balance Due" or "Amount Owed" of $607.25 set forth in Exhibit A was paid.

25. Based on the above, since Exhibit A does not set forth that the "Balance Due" or "Amount

Owed" of $607.25 may increase due to interest, Defendant violated 15 USC § 1692e by sending Exhibit A to Nardino.

### THIRD CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

27. Upon information and belief, Capital One, N.A. is the entity to which Nardino owed the "Balance Due" or "Amount Owed" of $607.25.

28. Exhibit A does not set forth that Capital One, N.A. is the current creditor, the entity to which Nardino owes the debt, or the entity on whose behalf Credit Control is attempting to collect the debt.

29. Based on the above allegations, Exhibit A did not identify in any manner or did not clearly or properly identify the "creditor", the entity to whom the debt currently is owed, or on whose behalf Credit Control was attempting to collect the debt.

30. In the alternative, if Kohls was the current creditor on the date of Exhibit A, notwithstanding Exhibit A listing Capital One as the original creditor, Exhibit A does not set forth that Kohls is the current creditor, the entity to which Nardino owes the debt, or the entity on whose behalf Credit Control is attempting to collect the debt. Instead, Exhibit A only sets forth that Kohls is Credit Control's client.

31. Based on one or more of the above allegations, to the "least sophisticated consumer", Exhibit A did not identify in any manner or did not clearly or properly identify the "creditor", the entity to whom the debt currently is owed, or on whose behalf Credit Control was attempting to collect the debt.

32. Based on the above, Credit Control violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and

15 USC § 1692e(10) by sending Exhibit A to Nardino.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

34. Exhibit A sets forth the details of how Credit Control calculated the Balance Due.

35. If for the reason(s) set forth in the above causes of action interest, late charges, and/or other charges continued to accrue on any "Balance Due" due but unpaid to Capital One, N.A. and any assignee or successor-in-interest, Credit Control violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) by including in Exhibit A the details of how Credit Control calculated the Balance Due.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

37. Upon information and belief, the "Balance Due" or "Amount Owed" of $607.25 set forth in Exhibit A exceeded the amount of the debt "charged-off" by Capital One, N.A. or the amount of the debt due Capital One, N.A. at the time Capital One, N.A. waived or otherwise lost its legal right to charge Nardino interest, late charges, and/or other charges. For this and other reasons, Exhibit A amounted to a false, deceptive or misleading means by Credit Control in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), and 15 USC 1692e(10), and/or amounted to an unfair or unconscionable means by Credit Control to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

39. By setting forth different dates for a charge-off date, last pay date, and delinquency date and for other reasons, Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SEVENTH CAUSE OF ACTION-CLASS CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

41. By setting forth different dates for a charge-off date, last pay date, and delinquency date and for other reasons, Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

42. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

43. The classes consist of:

    I.  (a) all natural persons (b) who received a letter from Credit Control dated between February 3, 2016 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

    II. (a) all natural persons (b) who received a letter from Credit Control dated between February 3, 2016 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing

      beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt; and/or

  III.  (a) all natural persons (b) who received a letter from Credit Control dated between February 3, 2016 and the present to collect a past due debt, (c) where the letter sets forth the name of the client as Kohls.

44. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

45. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

46. The predominant common question is whether Defendant's letters violate the FDCPA.

47. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

48. A class action is the superior means of adjudicating this dispute.

49. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Credit Control in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      June 24, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709